RODRÍGUEZ *v.* RAMÍREZ.

APPEAL from the District Court of Mayagüez.

No. 200.—Decided March 10, 1908.

CORPORATIONS—OBLIGATIONS CONTRACTED THEREBY—LIABILITY OF DIRECTORS—ALLEGATIONS.—This action was based on section 62 of the Revised Civil Code and it was held that the complaint does not state a cause of action, because it does not appear therefrom that the corporation referred to was duly organized, or that it had commenced to do business or operate as a corporation, or that it had consummated any transactions or contracts as such; nor is it clearly shown that the directors contracted the debt for which claim is made, knowing that it exceeded the amount of the paid-in capital or the value of the properties and assets of the company, nor what was the amount of the capital or assets, nor that the board of directors had authorized the corporation to contract such debt, nor that its directors, and especially its president, had knowledge of the illegal acts of the company; and that it is not shown that the creditor had exhausted his remedies against the corporation, which is a condition precedent to the successful prosecution of such an action.

ID.—The fact that the properties of a corporation are subject to an attachment is not sufficient to warrant the bringing of an action against the directors thereof, but a second attachment should be levied and judicial determination awaited as to the preference of creditors.

The facts are stated in the opinion.

*Mr. José G. Torres* for appellant.

*Mr. Ramírez* for respondent.

MR. JUSTICE MACLEARY delivered the opinion of the court.

The appeal in this case was taken from a judgment of the District Court of Mayagüez, sustaining a demurrer to the

complaint, and refusing to permit the plaintiff to amend the same. The case is fully stated in the written decision rendered by the district judge, which is very elaborate, and contains many propositions which are not necessary to review. The complaint presented in the District Court of Mayagüez is based on section 62 of the Revised Civil Code, which reads as follows:

"*Corporate indebtedness.*—No corporation shall incur any indebtedness for any purpose whatever in excess of the paid-up value of its capital stock or of the value of its property and assets. The directors who shall authorize by their votes the incurrence of any such indebtedness shall be jointly and severally liable individually for the amount of such indebtedness, and the said liability shall be enforced in any action brought by any creditor who shall establish therein that judgment has been rendered for his claim and that the liquidated assets of the corporation have been insufficient to pay the same."

The complaint alleges that a judgment was rendered in favor of the plaintiff and against the corporation known as the Porto Rico Salt Co., and that upon issuance of execution the marshal presented the same to the defendant in this case, Pedro E. Ramírez, who was one of the directors of the said salt company, and the president of the same, and that he informed the marshal that the company had no property, the same having been attached by the Territorial and Agricultural Bank. Basing his claim on this the plaintiff brought suit against the defendant as president and director of said company, under the section of the statute hereinbefore referred to, and copied at length.

A careful reading of the complaint clearly shows that it does not state sufficient facts to constitute a cause of action, inasmuch as the case stated does not fall within the requisites prescribed by section 62 of the Civil Code. It does not even appear from the allegations of the complaint that the Porto Rico Salt Co. was ever properly organized or had a legal existence. It is stated more or less clearly that there was a

plan or agreement between the partners of the salt company called Candelaria and Fraternidad, to transform said company into a joint stock company, thereby creating a statutory corporation, and to have their articles of incorporation duly inscribed or recorded in accordance with the corporation law, but that such intention was ever fully carried out does not appear, nor is it alleged that the Porto Rico Salt Co. had commenced its business, or acted as a corporation, or made any contracts or transactions in its corporate capacity. Nor is it alleged with sufficient clearness that the directors of the Porto Rico Salt Co. had contracted the debt upon which the suit was brought, with the knowledge that the same exceeded the amount of its paid-up capital or the value of its property and assets, neither the amount of said capital nor the value of said assets being stated in the complaint, and being unknown, nor is the knowledge of any such illegal action alleged or brought home to the board of directors, or any of them, and especially to Pedro E. Ramírez, the president of said board, nor does it appear that the said board of directors, or any of them, had authorized the said corporation or any person acting in its behalf to contract the debt, the payment of which is claimed in the suit against the defendant herein.

Moreover, it is not shown in the complaint that the creditor, who is the plaitniff, has exhausted his legal remedies against the debtor corporation, which is a condition precedent to the prosecution of the action against the directors of the corporation, or any of them, under the statute to which the plaintiff appeals. The execution which the plaintiff sued out against the Porto Rico Salt Co. might have been levied on the property of the company subject to the attachment which the Territorial and Agricultural Bank had previously levied thereon, and the property might have been sufficient to cover both debts. There is nothing shown to the contrary in the allegations of the complaint. It was the marshal's duty to make such a levy, and leave the question of priority of claims

and the sufficiency of the property to satisfy the judgments to be decided by a competent court.

It is not necessary in this connection to refer to the official character of the plaintiff, or to the question whether or not he had a contract with the Porto Rico Salt Co., or what his duties may have been in regard to informing the parties who appeared before him of the amount of his fees in the matter in which his services were requested or used.

There are many other points raised in the decision of the district court which it is not necessary to consider here, but inasmuch as the complaint presented to that court did not state a case where any responsibility had been clearly established against any of the directors of the corporation, or against the defendant as a director and president of the corporation, the exception to the complaint was properly sustained on the ground that it did not set forth facts sufficient to constitue a cause of action. We believe the decision of the district judge to be substantially correct. Without approving all of the propositions announced in the decision, we at least find that the court below arrived at a proper conclusion in sustaining the demurrer.

Under this view of the case it is unnecessary to prolong the discussion of the case by any more lengthy comment. The judgment of the court below should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.